No. 22-3127

In The
# United States Court of Appeals for the Tenth Circuit

---

Maira Ortiz

*Plaintiff-Appellant,*

v.

Bank of Labor,

*Defendant-Appellee.*

---

**On Appeal from the United States District Court
for the District of Kansas**

**The Honorable Julie A. Robinson
District Court No. 21-2316-JAR**

---

**BRIEF FOR DEFENDANT-APPELLEE**

---

Julianne P. Story
Michael T. Raupp
Michaeli M. Hennessy
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO  64112
Telephone (816) 983-8000
Facsimile (816) 983-8080
michael.raupp@huschblackwell.com

*Attorneys for Defendant-Appellee*

October 31, 2022                NO ORAL ARGUMENT REQUESTED

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendant-Appellee Bank of Labor hereby states that it is a wholly owned subsidiary of Bank of Labor Bancshares, Inc.  While Bank of Labor Bancshares, Inc. is exempt from SEC regulations for public companies, a limited number of Bank of Labor Bancshares, Inc. shares are offered on the Nasdaq Pink Sheets Over the Counter Market in the United States.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT.............................................i

TABLE OF AUTHORITIES................................................................iv

STATEMENT OF RELATED CASES .............................................. 1

JURISDICTIONAL STATEMENT .................................................. 1

STATEMENT OF ISSUES................................................................2

STATEMENT OF THE CASE ..........................................................3

    I.    The Parties. .................................................................3

    II.    Ortiz's Access To Restrooms. .....................................3

    III.    Ortiz's Access To A Chair. ..........................................4

    IV.    The Bank Terminated Ortiz's Employment For "Force Balancing" the Vault In Violation of Policies and Procedures. ..................................................................5

    V.    Ortiz's Lawsuit. ..........................................................8

SUMMARY OF THE ARGUMENT .................................................9

ARGUMENT .................................................................................11

    I.    Ortiz Does Not Appeal The District Court's Dismissal Of Her ADA Claim, And She Has Now Waived The Ability To Do So. ...................................................... 12

    II.    The District Court Properly Granted Summary Judgment To The Bank On Ortiz's Title VII Gender (Pregnancy) Discrimination Claim........................................ 16

A.    The district court properly granted summary judgment because Ortiz failed to show that limiting the use of a preferred restroom and denying the use of a preferred chair constitute adverse employment actions. ...................................... 18

B.    The district court properly granted summary judgment because Ortiz failed to establish that the Bank's valid reason for terminating her employment—force balancing the vault—was pretext for discrimination ............................................ 25

    1.    The record demonstrates that similarly situated individuals were not treated more favorably ................................................................. 28

    2.    The Bank's reason for termination is not inconsistent, incoherent, or contradictory. ......... 30

    3.    No evidence suggests that the Bank's proffered reason for termination was false. ....... 32

    4.    Ortiz's allegations of pretext are mere speculation. ......................................................... 34

III.    In The Alternative, This Court Should Affirm Summary Judgment Because Ortiz Failed To Establish A Prima Facie Case Of Discrimination. ................................ 37

CONCLUSION ........................................................ 39

CERTIFICATE OF COMPLIANCE ......................................... 40

CERTIFICATE OF DIGITAL SUBMISSION ......................................... 41

CERTIFICATE OF SERVICE .............................................. 42

# TABLE OF AUTHORITIES

**Page(s)**

### Other Authorities

*Alpine Bank v. Hubbell,*
  555 F.3d 1097 (10th Cir. 2009) ........................................... 12

*Anderson v. Liberty Lobby,*
  477 U.S. 242 (1986) ........................................................ 12

*Beaird v. Seagate Tech., Inc.,*
  145 F.3d 1159 (10th Cir. 1998) ........................................... 37

*Bennett v. Windstream Commc'ns, Inc.,*
  792 F.3d 1261 (10th Cir. 2015) ........................................... 16

*Braxton v. Nortek Air Solutions, LLC,*
  769 F. App'x. 600 (10th Cir. 2019) ........................... 19, 21, 24

*Bronson v. Swensen,*
  500 F.3d 1099 (10th Cir. 2007) ........................................... 15

*Burke v. Utah Transit Auth. & Local 382,*
  462 F.3d 1253 (10th Cir. 2006) ........................................... 12

*Burlington Indus., Inc. v. Ellerth,*
  524 U.S. 742 (1998) ........................................................ 18

*Champagne v. Jacksonville State Univ.,*
  2011 WL 13228313 (N.D. Ala. 2011) ..................................... 21

*Dauer v. Verizon Commc'ns Inc.,*
  2009 WL 186199 n.3 (S.D.N.Y. 2009) ..................................... 20

*Deere v. XPO Logistics Freight, Inc.,*
  798 F. App'x 278 (10th Cir. 2020) .................................. 35, 37

*EEOC v. Horizon/CMS Healthcare Corp.,*
  220 F.3d 1184 (10th Cir. 2000) ........................................... 36

iv

*Eke v. CaridianBCT, Inc.*,
  490 F. App'x 156 (10th Cir. 2012) ........................................................ 37

*Espinoza v. Coca-Cola Enterprises, Inc.*,
  167 F. App'x 743 (10th Cir. 2006) ........................................................ 36

*Est. of Bassatt v. Sch. Dist. No. 1 in the City & Cnty. of Denver*,
  775 F.3d 1233 (10th Cir. 2014) ............................................................ 36

*Evans v. Cap. Blue Cross*,
  2021 WL 825764 (M.D. Pa. 2021) ........................................................ 21

*Fye v. Okla. Corp. Comm'n*,
  516 F.3d 1217 (10th Cir. 2008) ............................................................ 26

*Gasperini v. Dominion Energy New England, Inc.*,
  2012 WL 2402804 (D. Mass. 2012) ...................................................... 20

*Gudenkauf v. Stauffer Commc'ns, Inc.*,
  922 F. Supp. 465 (D. Kan. 1996) .......................................................... 14

*Hamric v. Wilderness Expeditions, Inc.*,
  6 F.4th 1108 (10th Cir. 2021) ......................................................... 12, 38

*Hasan v. AIG Prop. Cas. Co.*,
  935 F.3d 1092 (10th Cir. 2019) ............................................................ 33

*Herrera v. United Airlines, Inc.*,
  754 F. App'x 684 (10th Cir. 2018) ........................................................ 35

*Hillig v. Rumsfeld*,
  381 F.3d 1028 (10th Cir. 2004) ....................................................... 21, 22

*Horal v. IHR, Inc.*,
  No. 20-1062, 2022 WL 946942 (10th Cir. Mar. 30, 2022) ................... 35

*Jackson v. Educ. & Emp. Ministry*,
  686 F. App'x 577 (10th Cir. 2017) ........................................................ 36

*Kendrick v. Penske Transp. Servs. Inc.*,
  220 F.3d 1220 (10th Cir. 2000) ............................................................ 28

*Lindsey v. Hyler*,
  918 F.3d 1109 (10th Cir. 2019) ........................................................... 12

*Mauk v. Presbyterian Health Plan, Inc.*,
  16 F. App'x 947 (10th Cir. 2001) ........................................................ 36

*McDonnell Douglas v. Green*,
  411 U.S. 792 (1973) ................................................................. 17, 36

*Miller v. Eby Realty Grp. LLC*,
  396 F.3d 1105 (10th Cir. 2005) ........................................................ 26

*Morgan v. Hilti, Inc.*,
  108 F.3d 1319 (10th Cir. 1997) ........................................................ 26

*Randle v. City of Aurora*,
  69 F.3d 441 (10th Cir. 1995) ....................................................... 34, 35

*Richards v. City of Topeka*,
  934 F. Supp. 378 (D. Kan. 1996),
  *aff'd*, 173 F.3d 1247 (10th Cir. 1999) ................................................ 14

*Sanchez v. Denver Pub., Schs.*,
  164 F.3d 527 (10th Cir. 1998) ..................................................... passim

*Santana v. City & Cnty. of Denver*,
  488 F.3d 860 (10th Cir. 2007) ........................................................ 36

*Schutz v. Thorne*,
  415 F.3d 1128 (10th Cir. 2005) ........................................................ 12

*Shaw v. T-Mobile*,
  2020 WL 5231309 (D. Kan. 2020) .................................................. 13, 14

*Singh v. Cordle*,
  936 F.3d 1022 (10th Cir. 2019) ........................................................ 15

*Smothers v. Solvay Chems., Inc.*,
  740 F.3d 530 (10th Cir. 2014) ........................................................ 28

*Swackhammer v. Sprint/United Mgmt. Co.*,
  493 F.3d 1160 (10th Cir. 2007) ........................................................ 36

*Timmerman v. U.S. Bank, N.A.*,
  483 F.3d 1106 (10th Cir. 2007) .......................................................17, 25

*Tran v. Trs. of State Colls. in Colo.*,
  355 F.3d 1263 (10th Cir. 2004) ...............................................................15

*Tuckel v. Grover*,
  660 F.3d 1249 (10th Cir. 2011) ...............................................................11

*Watts v. City of Norman*,
  270 F.3d 1288 (10th Cir. 2001) ...............................................................26

*Wilkes v. Nucor-Yamato Steel Co.*,
  2017 WL 4381684 (E.D. Ark. 2017) .......................................................20

*Wiseman v. Wal-Mart Stores, Inc.*,
  2009 WL 10706901 (D. Kan. 2009) .........................................................14

*Zamora v. Elite Logistics, Inc.*,
  478 F.3d 1160 (10th Cir. 2007) ...............................................................26

## Regulations

28 U.S.C. § 1291.............................................................................................1

28 U.S.C. § 1331.............................................................................................1

42 U.S.C. § 12101 *et seq.* ..........................................................................8, 13

42 U.S.C. § 2000e *et seq.*...........................................................................9, 16

## Rules

10th Cir. R. 15.1..............................................................................................1

10th Cir. R. 25.5............................................................................................41

Fed. R. App. P. 26.1 ........................................................................................i

Fed. R. App. P. 27(d)(2)(A) .........................................................................40

Fed. R. App. P. 28(a)(9)(a) ..........................................................................15

Fed. R. App. P. 32(a)(5) ................................................................. 40

Fed. R. App. P. 32(a)(6) ................................................................. 40

Fed. R. App. P. 32(f) ...................................................................... 40

Fed. R. Civ. P. 56(a) ...................................................................... 11

## STATEMENT OF RELATED CASES

None.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this case pursuant to 28 U.S.C. § 1331. Defendant-Appellee Bank of Labor (the "Bank" or "Appellee") filed a motion for summary judgment as to all Plaintiff-Appellant Maira Ortiz's ("Ortiz" or "Appellant") claims. Aplt. App.[1] 41-68. On June 9, 2022, the district court granted the Bank's motion for summary judgment (Aplt. App. 152-170[2]) and, the same day, entered judgment in favor of the Bank on all counts. Aplt. App. 171-172. This Court has jurisdiction over this appeal under 28 U.S.C. § 1291.

---

[1] "Aplt. App." refers to Appellant's Appendix (Doc. No. 010110739938) filed on September 15, 2022. The Bank cites to this Appendix and uses Appellant's pagination set forth therein. Appellee has filed its own appendix, which includes the Exhibits to the Bank's motion for summary judgment that were omitted from Appellant's Appendix, as well as the Bank's reply in support of summary judgment. *See* 10th Cir. R. 10.4(D)(2).

[2] The district court's Order is also attached to Appellant's brief as an attachment pursuant to 10th Cir. R. 15.1. That attachment is paginated using the "Aplt. App." numbering, which, for consistency, is the citation form this brief will also utilize.

## STATEMENT OF ISSUES

I.  Whether the district court's order granting summary judgment on Ortiz's ADA claim—ruling that Ortiz was not legally disabled—should be affirmed because Ortiz failed to appeal that ruling and has now waived the ability to do so.

II.  Whether the district court properly held that the Bank did not take adverse action against Ortiz, as required to establish a prima facie case of discrimination, by limiting Ortiz's use of the McDonald's bathroom and by specifying which chair Ortiz could use.

III.  Whether the district court properly found that the Bank's stated reason for terminating Ortiz's employment—falsification of Bank records and violation of Bank policies and procedures—was not pretext for discrimination.

IV.  In the alternative, whether Ortiz failed to establish a prima facie case of discrimination because she was not satisfactorily performing her job at the time of termination.

4865-4385-1060.4

## STATEMENT OF THE CASE

### I.    The Parties.

Defendant-Appellee Bank of Labor is a Kansas-based corporation originally founded as a labor community bank.  Aplt. App. 69.  The Bank maintains branch locations throughout the state of Kansas and in the District of Columbia.  *Id.*  The Bank hired Plaintiff-Appellant Maira Ortiz in May 2018 to fill a Universal Banker 1 Bilingual role at the Bank's Shawnee Drive location.  Aplt. App. 27.

At all relevant times, Ortiz reported to Branch Supervisor Charlotte Hayes ("Hayes").  Aplt. App. 74.  Hayes reported to Branch Manager Mary Moulin ("Moulin").  Aplt. App. 75.

As the district court noted, Ortiz asserted two claims in this case related to her pregnancy and "identifie[d] three discrete employment actions that gave rise to both claims."  Aplt. App. 159.  Accordingly, the below sections include a brief description of the facts relevant to those three asserted actions.

### II.    Ortiz's Access To Restrooms.

The Shawnee Drive branch is a small location that shares a building and bathroom with a 7-Eleven.  Aplt. App. 69.  Ortiz preferred to use the McDonald's bathroom, which was not connected to the Bank,

3

rather than the bathroom available in the Shawnee Branch building. Aplt. App. 80.

As a security measure, however, the Bank requires two employees to be present at all times when the Bank is open to ensure the safety and security of the cash and personnel. Aplt. App. 81. Ortiz was aware of this policy. *Id.* This policy applied to everyone at the Shawnee Drive branch, including coworkers who were not pregnant. *Id.*

Pursuant to the policy, Ortiz was allowed to use the McDonald's bathroom when there were two additional employees working in the Shawnee Branch. *Id.* Even when there were only two employees onsite, Ortiz still had access to the bathroom that the Bank shared with the 7-Eleven. *Id.*

## III. Ortiz's Access To A Chair.

In October 2019, because Ortiz's feet started swelling due to her pregnancy, Ortiz began sitting on a folding chair when she was not assisting a customer. Aplt. App. 81, 121. Shortly thereafter, Hayes told Ortiz that she could not use the folding chair. Aplt. App. 81, 121-124. Rather, Ortiz could use one of the two chairs in the drive-through, which were the same chairs that her coworkers were allowed to use. Aplt. App.

81; Appellee App. 14-15. Thus, Ortiz had access to a chair. Aplt. App.

81; Appellee App. 14-15.

## IV.  The Bank Terminated Ortiz's Employment For "Force Balancing" the Vault In Violation of Policies and Procedures.

The Bank implements and maintains policies related to vault security, including the Teller Difference Guidelines, the Bank Vault and Teller Cash Procedures, and the Code of Ethics. Aplt. App. 82-92. Ortiz was aware of these policies and procedures. Aplt. App. 27.

According to the policies, Bank employees who engage in "force balancing" are violating the Code of Ethics, the Bank Vault and Teller Cash Procedures, and the Teller Difference Guidelines. Aplt. App. 82, 84, 90, 92. "Force balancing" is the act of modifying a Bank record, such as a vault log or teller log, to avoid a cash difference. Aplt. App. 74. A cash difference occurs when the amount of cash recorded on a vault log does not match the amount recorded. Aplt. App. 74, 76.

The Bank Vault and Teller Cash Procedures requires a "dual-control procedure" to ensure that the bank has an accurate count of cash in the vault. Aplt. App. 70, 75-76. The dual-control procedure requires two employees, at the beginning and end of each shift, to count the cash

in the vault and confirm that the amount of cash listed in the vault matches the amount of cash recorded on the written vault log, as well as on the Bank's internal online banking system.  Aplt. App. 75-76.  If the amount of cash listed on the written vault log matches the amount listed on the Bank's internal online banking system, the vault is balanced.  *Id*. When an employee becomes aware of a cash difference while counting the vault, the employee is expected to notify their supervisor of the cash difference immediately and recount the vault.  Aplt. App. 76.

As a Universal Banker 1, Ortiz was responsible for counting the cash in the vault under the Bank's dual-control process.  Aplt. App. 27. After counting the cash in the vault under the Bank's dual-control process, Ortiz was then expected to sign off on the amount of cash in the vault via the Bank's vault log and confirm that the amount of cash listed on the log matched the amount of cash listed in the Bank's internal online banking system.  Aplt. App. 75-76.

Ortiz was aware of the Bank's Teller Difference Guidelines, Code of Ethics, and Bank Vault and Teller Cash procedures and understood she was expected to comply with these policies.  Aplt. App. 27.  Ortiz knew that force balancing the vault log was prohibited by the Bank's policies

and considered a terminable offense. Aplt. App. 27, 74, 82-92. Ortiz also understood that if an instance arose in which the amount recorded on a written vault log did not match the amount in the Bank's online system, the teller completing the vault count must recount the vault and notify a supervisor. Aplt. App. 74, 76.

On Friday, November 1, 2019, Hayes and Ortiz were working a shift together at the Shawnee Drive Branch. Aplt. App. 28. During the shift, Hayes purchased $25.00 in pennies from the vault for her drawer, but she forgot to write a ticket documenting this transaction. Aplt. App. 28, 71.[3]

Later that day, at the end of her shift and pursuant to the Bank's policies, Ortiz counted the cash in the vault with a coworker. Aplt. App. 28. When Ortiz went to sign off on the amount of cash in the vault, there was a $25.00 cash difference between the amount of cash recorded on the vault log and the amount listed on the Bank's internal online banking system. *Id*. Although she identified the cash difference, Ortiz did not

---

[3] Under the Teller Difference Guidelines and the Code of Ethics, a teller forgetting to write a ticket when taking cash from the vault to fill his or her drawer is not a listed terminable offense. Aplt. App. 82-92. The Bank disciplined Hayes accordingly. Aplt. App. 71.

7

recount the vault, nor did she expressly notify a supervisor of the cash difference. Appellee App. 8. Instead, Ortiz whited-out the original cash amount of the vault log and entered another number, which was $25.00 less than the original amount. Aplt. App. 28.

Ortiz admitted that she committed a terminable offense by falsifying the Bank's records and force balancing the vault on November 1, 2019. Aplt. App. 28, 74, 78; Appellee App. 9, 13. Pursuant to the Bank's policies and procedures, Ortiz's conduct of force balancing the vault was more serious than Hayes's conduct of forgetting to write a ticket. Appellee App. 9, 13. Employees who forgot to write a ticket, similar to Hayes's conduct, were not terminated. Appellee App. at 9.

On November 18, 2019, the Bank terminated Ortiz's employment because she force balanced the vault and falsified the vault log in violation of the Bank's policies and procedures. Aplt. App. 28.

## V.    Ortiz's Lawsuit.

On July 20, 2021, Ortiz filed her Complaint in the District of Kansas, alleging discrimination claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").  Aplt. App. 4, 8-14.

On March 18, 2022, the Bank filed a motion for summary judgment as to all of Ortiz's claims.  Aplt. App. 6, 41-68.

On June 9, 2022, the district court filed a memorandum and order granting the Bank's motion for summary judgment as to all of Ortiz's claims.  Aplt. App. 7, 152-70.  On the same day, the district court entered final judgment in favor of the Bank.  Aplt. App. 7, 171-72.

This appeal follows.

## SUMMARY OF THE ARGUMENT

The district court properly granted summary judgment to the Bank on both of Ortiz's claims.

First, Ortiz did not appeal the district court's proper ruling that she was not legally disabled under the ADA.  Following district precedent, the district court ruled that pregnancy alone, without a related mental or physical impairment, is insufficient to meet the definition of "disability" under the ADA.  Although Ortiz expressly preserved her contrary argument for appeal, she does not assert it in her opening brief.  Thus, Ortiz has waived her ability to appeal that decision, and this Court

should affirm summary judgment on the ADA claim on this basis alone. (If necessary, the Court could also affirm on any of the remaining arguments in the Bank's brief, as each applies with equal force to the ADA claim and provides an alternative basis for this Court to affirm.)

Second, the district court correctly ruled that the Bank did not take adverse action against Ortiz by limiting her use of the McDonald's bathroom and by refusing to allow her to use a specific chair. Although Ortiz asserts that the described acts humiliated her and caused her discomfort, the district court appropriately applied relevant precedent and concluded that these mere inconveniences do not qualify as adverse actions. Ortiz has cited no authority (neither at the district court nor here) establishing that any analogous actions are sufficiently adverse.

Moreover, the district court properly held that the Bank terminated Ortiz for a legitimate, non-discriminatory reason, and Ortiz could not bear her burden to show that the Bank's proffered explanation was a pretext for discrimination. It is undisputed that Ortiz force balanced the Bank's vault, which is a terminable offense under the Bank's policies. Although Ortiz admitted to this terminable offense, she now attempts to overturn the district court's holding based on speculation and conjecture

that a jury "could" find in her favor.  The record, however, fails to create a genuine issue of material fact as to whether the Bank's stated reason for her employment termination is unworthy of belief.

Finally, this Court need not reach any alternative bases to affirm, because the district court's judgment was correct in all respects.  But if the Court needs to reach it, this Court may also affirm because Ortiz failed to establish a prima facie case of discrimination.  Specifically, at the time of her termination, Ortiz was not satisfactorily performing her job, which is required to state a prima facie case.

This Court should affirm the district court's judgment.

## ARGUMENT

This Court reviews the district court's order granting summary judgment *de novo*, applying the same legal standards as the district court.  *Tuckel v. Grover*, 660 F.3d 1249, 1251 (10th Cir. 2011).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

In reviewing a motion for summary judgment, this Court "view[s] the evidence and draws inferences in the manner most favorable to the

non-moving party." *Lindsey v. Hyler*, 918 F.3d 1109, 1113 (10th Cir. 2019). "But the non-moving party must nonetheless establish facts such that a reasonable jury could find in his favor." *Id.* (citing *Schutz v. Thorne*, 415 F.3d 1128, 1132 (10th Cir. 2005)). "Unsubstantiated allegations will not suffice." *Id.* (citing *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006)). Ortiz "may not rest upon mere allegations or denials of [the] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 256 (1986).

This Court "can affirm on any ground supported by the record, so long as the appellant has had a fair opportunity to address that ground." *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1121 (10th Cir. 2021) (quoting *Alpine Bank v. Hubbell*, 555 F.3d 1097, 1108 (10th Cir. 2009)).

## I.    Ortiz Does Not Appeal The District Court's Dismissal Of Her ADA Claim, And She Has Now Waived The Ability To Do So.

Ortiz asserted two claims in this case: "(1) discrimination on the basis of sex under Title VII; and (2) disability discrimination under the

12

ADA." Aplt. App. 8-14.[4]  With respect to Ortiz's ADA claim, she asserted that she was disabled based on her pregnancy.  *Id.*  Before reaching the substance of Ortiz's claims of discrimination, the district court promptly dispensed with the ADA claim.  *Id.* at 162-63.  Following consistent district precedent, the district court explained that "plaintiff must show she was pregnant and had a related mental or physical impairment." *Id.* at 162 (quoting *Shaw v. T-Mobile*, 2020 WL 5231309, at *12 (D. Kan. 2020)).

Ortiz "concede[d] that this is the governing law" in the district and that she "cannot meet this standard." *Id.* at 162-63.  Yet, she included the contrary argument in order to "preserve the issue for appeal." *Id.*  The district court acknowledged Ortiz's objection, and then "follow[ed] cases within this district that consistently conclude pregnancy alone, without a related mental or physical impairment, is insufficient to meet the definition of "disability" under the ADA and ADAAA[5]." *Id.* at 163

---

[4] As the district court described, both of Plaintiff's claims were "tied to her pregnancy" and the same alleged employment actions "g[a]ve rise to both claims." Aplt. App. 159.

[5] The "ADAAA" includes the 2008 amendments to the ADA.  42 U.S.C. § 12101, *et seq.*

13

(citing *Shaw*, 2020 WL 5231309, at *12; *Gudenkauf v. Stauffer Commc'ns, Inc.*, 922 F. Supp. 465, 472-74 (D. Kan. 1996); *Richards v. City of Topeka*, 934 F. Supp. 378, 382 (D. Kan. 1996), *aff'd*, 173 F.3d 1247 (10th Cir. 1999); *Wiseman v. Wal-Mart Stores, Inc.*, 2009 WL 10706901, at *4 (D. Kan. 2009)).  Accordingly, the district court granted summary judgment to the Bank on Ortiz's disability-discrimination claim under the ADA.

Although Ortiz preserved this claim for appellate review at the district court, now that the case has reached this Court, Ortiz has chosen not to pursue it.  Indeed, nowhere in Ortiz's opening brief does she appeal the district court's disposition of this claim or otherwise challenge the district court's reasoning for granting summary judgment on her ADA claim.  Because Ortiz does not appeal the district court's decision to grant summary judgment to the Bank on her ADA claim, this Court should summarily affirm that ruling.

Further, because Ortiz abandoned this argument in her opening brief, she has now waived the ability to raise it in this appeal.  By rule, an appellant's opening brief must identify "appellant's contentions and the reasons for them, with citations to the authorities and parts of the

14

record on which the appellant relies." Fed. R. App. P. 28(a)(9)(a). Consistent with this requirement, this Court has continually explained that "[t]he failure to raise an issue in an opening brief waives that issue." *Singh v. Cordle*, 936 F.3d 1022, 1041 n.6 (10th Cir. 2019); *see also, e.g.*, *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."); *Tran v. Trs. of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004) ("Issues not raised in the opening brief are deemed abandoned or waived.").

This Court should affirm the district court's grant of summary judgment to the Bank on Ortiz's claim under the ADA.[6]

---

[6] To be clear, the district court's reasoning for also granting summary judgment to the Bank on the Title VII claim as discussed *infra* (i.e., lack of adverse action, failure to establish pretext), also precludes Plaintiff's ADA claim. In fact, in some of those discussions, the district court specifically noted that these additional arguments doom the ADA claim too. *See, e.g.*, Aplt. App. 165 ("Defendant's motion for summary judgment is therefore granted on ***both discrimination claims*** to the extent they are based on Defendant's refusal to allow Plaintiff to use a folding chair while working and its requirement that she not use the McDonald's restroom until more than two employees were present at the bank during operating hours.") (emphasis added). Thus, although this Court should not proceed any further on the ADA claim because Ortiz does not appeal the principal basis upon which the district court rejected it, further consideration would lead to the same result on the additional arguments in this brief.

## II.  The District Court Properly Granted Summary Judgment To The Bank On Ortiz's Title VII Gender (Pregnancy) Discrimination Claim.

Having dispensed with Ortiz's ADA claim, this appeal narrows to a single claim of Title VII gender discrimination, and the consideration of whether the district court properly granted summary judgment to the Bank on that claim.  For several reasons, the district court's order was correct.

Title VII prohibits gender discrimination in the workplace. 42 U.S.C. § 2000e *et seq.*  Under Title VII, discrimination on the basis of sex includes discrimination on the basis of pregnancy. *Id.* § 2000e(k).  To establish a prima facie case of discrimination, Ortiz bears the burden to establish: (1) membership in the protected class; (2) an adverse employment action; and (3) the adverse employment action occurred under circumstance giving rise to an inference of discrimination.  *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015).[7]

Here, Ortiz asserts that the Bank discriminated against her based on her gender, specifically her pregnancy.  Ortiz identifies three discrete

---

[7] *Bennett* acknowledged that the Tenth Circuit has used various recitations of the prima face test but noted a preference for this more concise formulation.

employment actions that she contends give rise to discrimination: (1) the Bank did not permit her to use her preferred restroom; (2) the Bank did not permit her to use her preferred chair; and (3) the Bank terminated her employment.

Because Ortiz did not rely on direct evidence of discrimination, her claims are analyzed under the burden-shifting analysis set forth in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). Under this framework, the plaintiff bears the initial burden of production to establish a prima facie case of discrimination. *Id.* at 802. If the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions. *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1113 (10th Cir. 2007). If the defendant articulates a legitimate, non-discriminatory reason, the burden shifts back to the plaintiff to prove the defendant's proffered reason is pretextual. *Id.*

Here, the district court correctly determined that Ortiz's Title VII claim fails as a matter of law. Aplt. App. 165. Specifically, the district court properly ruled that the first two actions asserted by Ortiz are not "adverse actions" as a matter of law. *Id.* Then, assuming without

17

deciding that Ortiz could establish all prima facie elements of her claim with respect to the third action (termination), the district court rightly concluded that Ortiz failed to establish any pretext for the Bank's legitimate non-discriminatory reason for termination.  Aplt. App. 170.  Each ruling is correct in all respects.

> **A.    The district court properly granted summary judgment because Ortiz failed to show that limiting the use of a preferred restroom and denying the use of a preferred chair constitute adverse employment actions.**

Ortiz claims her Title VII claim must withstand summary judgment because she experienced an adverse employment action when the Bank limited her use of a preferred restroom and denied her use of a preferred chair.  Ortiz's arguments are not supported by the law.

An adverse employment action "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998).  "[A]cts that carry a ***significant*** risk of humiliation, damage to reputation, and a concomitant harm to future employment prospects" may constitute adverse employment actions.

18

*Braxton v. Nortek Air Solutions, LLC*, 769 F. App'x. 600, 604 (10th Cir. 2019) (emphasis added).

However, a "mere inconvenience or an alteration of job responsibilities" is not an adverse employment action. *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 532 (10th Cir. 1998) (holding that a lateral transfer was ***not*** an adverse employment action because it did not change the plaintiff employee's job status). "[N]ot everything that makes an employee unhappy is an actionable adverse action. Otherwise, minor and even trivial employment actions that an irritable, chip-on-the shoulder employee did not like would form the basis of a discrimination suit." *Braxton*, 769 F. App'x 600 at 604 (internal citations omitted). Here, as the district court properly ruled, the Bank's first two alleged actions were at most mere inconveniences.

First, Ortiz asserts she experienced an adverse employment action when the Bank did not permit her to use an offsite McDonald's restroom when only two employees were working. Appellant Br. 15-18. The undisputed evidence shows that the Bank required two employees to be present at all times when the Bank was open to ensure the safety and security of the cash and personnel. Aplt. App. 81. Ortiz was aware of

19

this policy. *Id.* It is further uncontroverted that, at all times, Ortiz had access to a restroom located in the Bank's building. *Id.* And once a third employee arrived at the Bank, Ortiz was permitted to use her preferred restroom at McDonalds. *Id.*

After analyzing the undisputed record and relevant case law, the district court correctly ruled that the Bank's action of limiting Ortiz's use of the McDonald's restroom did not amount to an adverse employment action. Aplt. App. 165. Even if it was not the restroom she preferred, the undisputed record established that Ortiz always had access to a restroom. Aplt. App. 81. This type of "mere inconvenience" is not sufficient to establish an adverse action. *Sanchez*, 164 F.3d at 532. Indeed, the district court identified several cases in which courts ruled that lack of access to a preferred or satisfactory restroom did not constitute an adverse action. *See* Aplt. App. 165 n.36 (citing *Wilkes v. Nucor-Yamato Steel Co.*, 2017 WL 4381684, *8 (E.D. Ark. 2017); *Dauer v. Verizon Commc'ns Inc.*, 2009 WL 186199, at *3 n.3 (S.D.N.Y. 2009); *Gasperini v. Dominion Energy New England, Inc.*, 2012 WL 2402804, at *11 (D. Mass. 2012)).

Second, and similarly, Ortiz contends she was denied the use of her preferred chair. Appellant Br. 17-18. Once again, relying on the undisputed record evidence and relevant case law, the district court ruled that the Bank's action of denying Ortiz the use of a folding chair did not constitute an adverse employment action. Aplt. App. 165. Again, Ortiz had access to a chair, even if not the chair she preferred. Aplt. App. 81; Appellee App. 14-15. In fact, she had access to the exact same chair as her colleagues. Appellee App. 14-15. Just as with the restroom issue, the district court surveyed the case law, identifying cases in which courts rejected arguments claiming adverse action based on lack of access to a preferred chair. *See* Aplt. App. 165 n.36 (citing *Evans v. Cap. Blue Cross*, 2021 WL 825764, at *11 (M.D. Pa. 2021); *Champagne v. Jacksonville State Univ.*, 2011 WL 13228313, at *13 (N.D. Ala. 2011)).

In addition to citing these numerous cases explaining that each of these proffered actions were not adverse actions as a matter of law, the district court also explained that "neither action had any impact on Plaintiff's prospect for future employment, a key factor in determining whether an action is sufficiently adverse." *Id.* at 165 (citing *Braxton*, 769 F. App'x at 605; *Hillig v. Rumsfeld*, 381 F.3d 1028, 1031 (10th Cir. 2004)).

21

Moreover, before the district court, Ortiz did not "explain how these actions effected the conditions of her employment, nor [did] she cite cases holding that analogous actions rise to the level of adverse employment actions." *Id*. And despite Ortiz not citing any analogous cases supporting her position that these are adverse actions, the district court went looking on its own and was only able to locate authority establishing they were not. Aplt. App. 165, n.36 ("The Court is unable to locate authority supporting a finding that these are adverse employment actions.").

On appeal, Ortiz essentially repeats the same argument, still without any authority supporting the notion that these specific actions constituted adverse employment actions. Appellant Br. 17-19. Instead of citing that necessary authority, Ortiz relies on generic statements of the law that "adverse action" is to be "liberally defined" and declaring that "unique factors" should be considered, which, according to Ortiz, show that her proffered actions could be considered adverse. *Id*. Ironically, the case upon which Ortiz principally relies for these general propositions is a case in which this Court *affirmed* a grant of summary judgment, agreeing with the district court that the actions identified by the plaintiff there were not adverse as a matter of law. *Sanchez*, 164 F.3d

22

at 532. And it was *Sanchez* that also reiterated this Court's consistent holding that "a mere inconvenience or an alteration of job responsibilities" is not adverse action. *Id.* Applying that standard, this Court held that the alleged adverse action at issue there—a transfer that increased a commute by at least six times—did not withstand summary judgment as a matter of law. *Id.* This Court concluded: "we agree with the district court that despite her personal discomfort she failed to establish a prima facie case of discrimination." *Id.*

The same is true here. As the district court described, Ortiz failed to describe "how these actions effected the conditions of her employment," and she does not do so on appeal either. Aplt. App. 165. She does not describe how these are anything more than mere inconveniences, especially when it is undisputed that she had access to a restroom and a chair (just not her preferred ones) at all times. She baldly claims there could be a "risk of humiliation" and "also physical discomfort" (Appellant Br. 18-19), but she never established that in the district court, nor does she point to any evidence in the record that would support her argument. Aplt. App. 165 ("While Defendant's conduct may have risked Plaintiff's physical discomfort, evidence of humiliation alone is not sufficient to

23

establish an adverse employment action." (citing *Braxton*, 769 F. App'x at 605; *Sanchez*, 164 F.3d at 532 n.6)).

Ortiz is still unable to cite a single analogous case from any jurisdiction establishing that either of these proffered actions are adverse. The district court scoured relevant authority, finding ample case law rejecting that suggestion. Ortiz does not discuss, distinguish, or otherwise engage with any of that authority in her brief. The record here establishes that the district court properly granted summary judgment to the Bank. No reasonable jury could conclude that Ortiz experienced an adverse employment action when the Bank limited her use of a preferred restroom and denied her use of a preferred chair.[8] This Court should affirm.

---

[8] Even if this Court finds that these acts constitute an "adverse employment action," which they do not, Ortiz has failed to offer any evidence to show that the Bank's legitimate, non-discriminatory reason for terminating her employment—her admitted misconduct in violation of the Bank's policies—is pretext for unlawful pregnancy discrimination. Thus, to the extent necessary, this Court should affirm the district court's grant of summary judgment on that alternative basis as well.

24

**B.    The district court properly granted summary judgment because Ortiz failed to establish that the Bank's valid reason for terminating her employment—force balancing the vault—was pretext for discrimination.**

Because Ortiz's first two proffered actions are not adverse as a matter of law, the district court was then left with only the third employment action—Ortiz's termination.   With respect to Ortiz's termination, the district court "assume[d] without deciding that Plaintiff can establish a prima facie case on her remaining claim of sex discrimination based on her termination."  Aplt. App. 166.  Thus, the burden of production shifted back to the Bank to show a "facially nondiscriminatory reason" for Ortiz's termination.  The Bank did so "by stating that it terminated Plaintiff for force balancing the vault on November 1, 2019, which is a terminable offense under Bank Policies." *Id.*

Accordingly, the burden then shifted back to Ortiz to attempt to demonstrate that the articulated nondiscriminatory reason is actually pretext for sex discrimination.  *Timmerman*, 483 F.3d at 1113.  To survive summary judgment on that question, Ortiz bears the burden of showing that "there is a genuine dispute of material fact as to whether

25

the employer's proffered reason or the challenged action is pretextual—

i.e., unworthy of belief." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th

Cir. 1997).  To show pretext, Ortiz must prove by a preponderance of the

evidence that the alleged discrimination was the determinative factor in

the Bank's action.  *Miller v. Eby Realty Grp. LLC*, 396 F.3d 1105, 1111

(10th Cir. 2005).    Pretext can be shown by "such weaknesses,

implausibilities, inconsistencies, incoherencies, or contradictions in the

employer's proffered legitimate reasons for its action that reasonable

factfinder could rationally find them unworthy of credence and hence

infer that the employer did not act for the asserted non-discriminatory

reasons." *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1228 (10th Cir.

2008) (citations omitted).    Nonetheless, "simply disbelieving the

employer is insufficient." *Miller*, 396 F.3d at 1111.  In making this

determination, the Court is to examine "the facts as they appear to the

person making the decision." *Zamora v. Elite Logistics, Inc.*, 478 F.3d

1160, 1166 (10th Cir. 2007) (en banc) (quoting *Watts v. City of Norman*,

270 F.3d 1288, 1295 (10th Cir. 2001)).

The Bank has consistently and clearly stated its reasons for

terminating Ortiz's employment: she violated the Bank's policies when

she force-balanced the vault and falsified bank records.  Aplt. App. 28.

Ortiz does not challenge that the Bank proffered a legitimate, non-discriminatory reason for terminating her employment (nor could she), but she asserts that the reason for termination is not worthy of belief for three reasons: (1) similarly situated individuals were treated more favorably; (2) the reason for termination is inconsistent, incoherent, or contradictory; and (3) the reason for termination was false.  Appellant Br. 21.

The district court analyzed and dispelled each of these reasons, ruling that Ortiz proffered no genuine factual evidence to show the Bank's stated reason for terminating her employment was pretext for unlawful discrimination.  *See* Aplt. App. 166-170.  Nevertheless, Ortiz now contests this ruling, arguing that the district court erred because a reasonable jury could infer discriminatory motive for the same stated reasons.  Appellant Br. 20-25.

The uncontroverted record, including Ortiz's own testimony, substantiates the Bank's proffered reason for termination.  The district court properly granted summary judgment, and this Court should affirm.

1.  ***The record demonstrates that similarly situated
    individuals were not treated more favorably.***

Ortiz asserts that she was treated less favorably than Hayes
because Hayes was merely disciplined, while Ortiz was terminated after
the November 1, 2019, incident. Appellant Br. 21-23. She thus claims
Hayes is "similarly situated" and was treated differently.

To be "similarly situated," employees must share the same
decisionmaker and be "disciplined for conduct of ***comparable***
seriousness." *Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 539 (10th
Cir. 2014) (quoting *Kendrick v. Penske Transp. Servs. Inc.*, 220 F.3d 1220,
1230 (10th Cir. 2000)) (emphasis added).

As the district court correctly described, Hayes and Ortiz were not
similarly situated. Aplt. App. 167-68. The undisputed facts show that
on November 1, 2019, Hayes purchased $25.00 in pennies from the Bank
vault, but she forgot to write a ticket to document this transaction. Aplt.
App. 28, 71. Under the Bank's policies and procedures, forgetting to write
a ticket is ***not*** a terminable offense. Aplt. App. 82-92. The Bank
disciplined Hayes accordingly. Aplt. App. 71. Ortiz, however, admitted
that she committed a terminable offense by falsifying the Bank's records
and force balancing the vault. Aplt. App. 28, 74, 78; Appellee App. 9, 13.

28

Moreover, Ortiz's **own testimony** establishes that her conduct of force balancing the vault was more serious than Hayes's conduct of forgetting to write a ticket. Ortiz testified her conduct warranted more stringent discipline. Appellee App. 9, 13. She further testified that the Bank's policies and procedures treated force balancing more seriously than failing to write a ticket. *Id.* And she admitted that other employees who forgot to write a ticket were not terminated. Appellee App. 9. Thus, as the district court described, the uncontroverted evidence established that "it was both policy and practice at the bank to treat force balancing more seriously than failing to write a cash ticket." Aplt. App. 168.

On appeal, Ortiz does not engage with the district court's analysis of the record or attempt to explain her testimony. Instead, she claims the violations were of similar seriousness because they were both initially recommended to receive a warning. Appellant Br. 23. But Ortiz does not confront the undisputed evidence identified by the district court that the two violations were not of similar severity—as a matter of policy **and** as a matter of practice. And she does not confront her **own testimony** admitting that her conduct warranted more serious discipline.

4865-4385-1060.4

No reasonable jury could conclude that Hayes's conduct was of comparable seriousness to Ortiz's intentional conduct given the undisputed factual record of policy and practice. Ortiz's own testimony only confirms that conclusion. The district court properly granted the Bank's motion for summary judgment on this asserted basis of pretext, and this Court should affirm.

### 2. *The Bank's reason for termination is not inconsistent, incoherent, or contradictory.*

Next, Ortiz asserts that the Bank's reason for termination is unworthy of belief because she remained employed for two weeks after she force balanced the vault. Appellant Br. 23-24. As the district court properly reasoned, a short delay between Ortiz's infraction and her termination does not show evidence of pretext. Aplt. App. 169.

On Friday, November 1, 2019, Ortiz force balanced the vault. Aplt. App. 28. Just two weeks later, the Bank terminated Ortiz's employment. *Id.* This short delay proves nothing more than that the decision to terminate Ortiz's employment was investigated and carefully weighed. Suggesting otherwise is based on nothing more than speculation.

The only "evidence" Ortiz offers to support her argument is by taking a single sentence of Moulin's deposition testimony out of context

30

to try and infer nefarious a motive.  Ortiz quotes Moulin's deposition as

follows:

> Q.     If force balancing a vault log was such a serious
>        offense, why was Maira allowed to continue to
>        work from November 1st to November 18th?
>
> A.     I can't answer that.  I don't know.

Appellant Br. 24.  Ortiz's quote stops there, and she claims that a juror
could somehow (based on that) infer discriminatory intent.  But Ortiz's
quote omits the ***very next*** question and answer, which clears things up:

> Q.     Whose decision would that have been to…either
>        suspend her from her duties or prevent her from
>        performing those duties?
>
> A.     Mary Kearns.

Aplt. App. 147.  Moulin "can't answer that" because she was not the one

making the decision.  There is nothing more to it than that.  Nothing

about Moulin's testimony supports an inference of discrimination, nor

does it suggest in any way that the Bank's explanation for termination is

unworthy of belief.  As the district court correctly ruled: Ortiz's theory "is

pure speculation and fails to examine the facts as they appear to the

persons making the termination decision."  Aplt. App. 168.

Ortiz failed to show that the Bank's reason for termination is inconsistent, incoherent, or contradictory, and this Court should affirm the district court's ruling on this issue.

### 3.    *No evidence suggests that the Bank's proffered reason for termination was false.*

Ortiz argues that a reasonable jury could infer a discriminatory motive because the Bank's proffered reason for termination was "false." Appellant Br. 24.    In granting summary judgment to the Bank, the district court properly held that Ortiz failed to offer any evidence that raised a genuine issue of triable fact regarding the Bank's reason for termination.    Aplt. App. 170.

Ortiz questions the Bank's reason for termination because Moulin testified that "force balancing" is an intentional act, almost like theft. Appellant Br. 25-26.    Ortiz contends that the Bank's stated reason for termination is therefore false because she told Moulin that "she did not intentionally force balance" the vault, and instead was suffering from "pregnancy brain."    Appellant Br. 25.

But as the district court rightly held, the fact the Ortiz "may not have intentionally force balanced the vault does not excuse her violation of the Bank Policies, nor does it suggest that [the Bank] did not believe

32

its reason for making the termination decision." Aplt. App. 169-70. Indeed, the Bank's policy makes force balancing the vault a terminable offense *irrespective* of intent. Aplt. App. 82-92. On appeal, Ortiz does not contest this, nor does she explain how any of the district court's analysis is incorrect.

Moreover, Ortiz's *own testimony* substantiates the Bank's decision to terminate her employment. Ortiz does not dispute that after identifying the cash difference, she whited out the original cash amount on the vault log and entered an amount that was $25.00 less than the actual amount. Aplt. App. 28. And she admits that force balancing the vault is a terminable offense under the Bank's policies. Appellee App. 9, 13; *see also* Aplt. App. 78, 82-92. Once again, any suggestion that the Bank's explanation is "false" is based on nothing more than speculation; that is not enough at summary judgment. *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1098 (10th Cir. 2019) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings. Rather, to defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." (cleaned up)).

33

This Court should affirm the district court's grant of summary judgment on Ortiz's suggestion of pretext based on the Bank's explanation being "false."

### 4. *Ortiz's allegations of pretext are mere speculation.*

Finally, Ortiz closes her brief by suggesting that all three of these circumstantial allegations of pretext should be considered "in combination" and that summary judgment is thus improper, because "judgments about intent are best left for trial." Not so in this case. As discussed above, the problem for Ortiz is that *none* of her proffered reasons of pretext are supported by the record: in fact, the record *dis*proves pretext and confirms that the Bank acted validly and consistent with its policies and practices. Indeed, in block quoting this Court's decision in *Randle v. City of Aurora*, 69 F.3d 441 (10th Cir. 1995), Ortiz's brief (at 25) simply emphasized the wrong part of the quote; it should have read like this:

> It is not the purpose of a motion for summary judgment to force the judge to conduct a "mini trial" to determine the defendant's true state of mind. **So long as the plaintiff has presented evidence of pretext (by demonstrating that the defendant's proffered non-discriminatory reason is unworthy of belief) upon which a jury could infer discriminatory**

> **motive**, the case should go to trial.  Judgments about intent are best left for trial and are within the province of the jury.

69 F.3d at 453 (emphasis added).  This emphasized language is where Ortiz failed in this case.  As the district court explained in its detailed and thoughtful opinion, the allegations of pretext are mere speculation, and the ***record*** only supports the Bank's termination.  In cases in which the record does not support pretext, this Court consistently affirms summary judgment, including on one of the claims in *Randle* itself.  *See* 69 F.3d at 455 (affirming summary judgment on claim of failure to announce availability of an employment position due to the lack of evidence of pretext).  Indeed, this Court routinely grants summary judgment based on a failure to demonstrate pretext.[9]

---

[9] The following list is by no means exhaustive and is included simply to illustrate that this Court commonly affirms summary judgment due to the lack of sufficient evidence of pretext:

*See, e.g.*, *Horal v. IHR, Inc.*, No. 20-1062, 2022 WL 946942, at *6 (10th Cir. Mar. 30, 2022) ("Horal has not met her burden to show pretext, and thus the district court properly granted summary judgment on this claim."); *Deere v. XPO Logistics Freight, Inc.*, 798 F. App'x 278, 288 (10th Cir. 2020) ("Because Mr. Deere has not shown pretext, the district court properly granted summary judgment in favor of XPO on his Title VII discrimination and retaliation claims."); *Herrera v. United Airlines, Inc.*, 754 F. App'x 684, 695 (10th Cir. 2018) (Herrera provides no evidence from which we can conclude that any of the comparators he identifies in

support of his pretext argument were treated differently in a way that demonstrates such "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in [United's] proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted nondiscriminatory reasons."); *Jackson v. Educ. & Emp. Ministry*, 686 F. App'x 577, 580 (10th Cir. 2017) ("In our view, summary judgment was proper because the plaintiffs failed to present more than conjecture to support their claim of pretext."); *Est. of Bassatt v. Sch. Dist. No. 1 in the City & Cnty. of Denver*, 775 F.3d 1233, 1243 (10th Cir. 2014) ("We hold that the district court properly granted summary judgment in favor of the District because the Estate did not provide evidence sufficient to raise a triable issue on pretext as a matter of law."); *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1173 (10th Cir. 2007) ("Thus, Swackhammer failed to carry her burden at the pretext phase of the *McDonnell Douglas* analysis to create an inference of discrimination, and the district court properly granted summary judgment for Sprint."); *Santana v. City & Cnty. of Denver*, 488 F.3d 860, 866 (10th Cir. 2007); ("In sum, Santana has failed to "raise a genuine doubt about Defendant's motivation," *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1200 (10th Cir. 2000), or produce evidence refuting or showing that the Sheriff's Department's stated reasons for not promoting her were implausible, inconsistent, or unworthy of credence. Thus, summary judgment was proper."); *Espinoza v. Coca-Cola Enterprises, Inc.*, 167 F. App'x 743, 745 (10th Cir. 2006) ("Plaintiff also contends that he presented sufficient evidence of pretext to warrant a trial.  We disagree."); *Mauk v. Presbyterian Health Plan, Inc.*, 16 F. App'x 947, 948 (10th Cir. 2001) ("We agree with the district court that the record contains no evidence from which a reasonable factfinder could conclude that defendant's stated reasons for terminating plaintiff's employment were pretextual.").

36

### III. In The Alternative, This Court Should Affirm Summary Judgment Because Ortiz Failed To Establish A Prima Facie Case Of Discrimination.

As discussed throughout this brief, the district court was correct in every aspect of its analysis, and this Court should affirm that judgment in all respects. In the event the Court disagrees with any of that analysis, however, this Court should also affirm the district court on the alternative basis that Plaintiff failed to state a prima facie case of discrimination on any of her claims, because at the time of her termination, she was not satisfactorily performing her job. As part of Ortiz's prima facie case, she must establish that she "was doing satisfactory work." *Deere v. XPO Logistics Freight, Inc.*, 798 F. App'x 278, 285 (10th Cir. 2020) (quoting *Beard v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998)); *Eke v. CaridianBCT, Inc.*, 490 F. App'x 156, 162 (10th Cir. 2012).

Here, once the district court reached the third proffered "adverse action"—Ortiz's termination—the district court "assume[d] without deciding that Plaintiff can establish a prima facie case on her remaining claim of sex discrimination based on her termination." Aplt. App. 166. The district court then went on to grant summary judgment to the

Bank on the grounds discussed in this brief, and this Court can, and should, follow that same path. But, as discussed, this Court has the authority to "affirm on any ground supported by the record, so long as the appellant has had a fair opportunity to address that ground." *Hamric*, 6 F.4th at 1121. The Bank's memorandum in support of its motion for summary judgment expressly argued that Ortiz failed to state a prima facie case due to her lack of satisfactory performance. Aplt. App. 59-61. Thus, Ortiz had the opportunity to address this argument at the district court, and she likewise has the ability to address it here.

Ortiz's unsatisfactory performance—based on her force balancing the vault—has been thoroughly discussed throughout this brief and need not be detailed again here. *See supra* p. 5-8, 24-35. Ortiz's actions plainly violated Bank policy, and she admits they constituted a terminable offense. Her performance was therefore unsatisfactory at the time of termination, which precludes Ortiz from stating a prima facie case of discrimination as a matter of law.

This Court should affirm the judgment of the district court on the same grounds as the district court. But, if necessary, this Court may also affirm due to Ortiz's inability to establish her prima facie case.

## CONCLUSION

This Court should affirm the judgment of the district court.

October 31, 2022.                    Respectfully submitted,

/s/ MICHAEL T. RAUPP
JULIANNE P. STORY
MICHAEL T. RAUPP
MICHAELI M. HENNESSY
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: 816-983-8000
Facsimile: 816-983-8080
julianne.story@huschblackwell.com
michael.raupp@huschblackwell.com
michaeli.hennessy@huschblackwell.com

*Attorneys for Defendant-Appellee*

# CERTIFICATE OF COMPLIANCE

1.      This brief complies with the word limit of Fed. R. App. P. 32(a)(7)(B)(i) because this document contains 7,803 words (based on the Microsoft Word word-count function), excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionately spaced typeface using Microsoft Word in Century Schoolbook, 14-point type.

October 31, 2022                    /S/ MICHAEL T. RAUPP
                                    MICHAEL T. RAUPP
                                    *Attorney for Defendant-Appellee*

4865-4385-1060.4

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Cir. R. 25.5;

(2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, SentinelOne, most recently updated on 10/31/2022, and according to the program are free of viruses.

Dated:  October 31, 2022          /S/ MICHAEL T. RAUPP
                                  MICHAEL T. RAUPP
                                  *Attorney for Defendant-Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2022, I electronically filed the foregoing using the court's CM/ECF system which will send notification of such filing to the following:

> Alan V. Johnson
> Sloan Eisenbarth Glassman McEntire & Jarboe, LLC
> 534 South Kansas Avenue, Suite 1000
> Topeka, KS 66603-3456
> Telephone:  (785) 357-6311
> Facsimile:  (785) 357-0152
> ajohnson@sloanlawfirm.com

October 31, 2022                          /s/ MICHAEL T. RAUPP
                                          MICHAEL T. RAUPP
                                          *Attorney for Defendant-Appellee*