No. 22-3127

———————————————

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT
———————————————

MAIRA ORTIZ,

Plaintiff-Appellant,

vs.

BANK OF LABOR,

Defendant-Appellee
———————————————

Appeal from the United States District Court
for the District of Kansas

The Honorable Julie A. Robinson
District Court No. 21-2316-JAR
———————————————

APPELLANT'S REPLY BRIEF
———————————————

ALAN V. JOHNSON, KS. #9992
SLOAN, EISENBARTH, GLASSMAN,
  McENTIRE & JARBOE, L.L.C.
534 S. Kansas Avenue, Suite 1000
TOPEKA, KS  66603
PHONE:   785/357-6311
FAX:        785/357-0152

# TABLE OF CONTENTS

**ARGUMENTS AND AUTHORITIES** ...................................................... 1

    I.  **The Bank's Refusal To Allow Ms. Ortiz To Use The McDonald's Bathroom Constituted An Adverse Employment Action** ................................................ 1

        *Sanchez v. Denver Pub. Schs.*,
           164 F.3d 527, 532 (10th Cir. 1998) ..................................... 1

    II.  **The Bank's Refusal To Allow Ms. Ortiz To Use A Chair While Not Helping Customers Constituted An Adverse Employment Action** ............................................. 3

    III.  **Ms. Ortiz Was Similarly-Situated To Ms. Hayes** .................... 4

        *Reeves v. Sanderson Plumbing Prod., Inc.*,
           530 U.S. 133, 160 (2000) ................................................. 5
        *Riggs v. Air Tran Airways, Inc.*,
           497 F.3d 1108, 1117 (10th Cir. 2007) ............................... 6

**CONCLUSION** ................................................................................ 7

**CERTIFICATE OF COMPLIANCE WITH RULE 32** ........................... 7

**CERTIFICATE OF DIGITAL SUBMISSION** ....................................... 7

**CERTIFICATE OF SERVICE** ........................................................... 9

## ARGUMENTS AND AUTHORITIES

In its response brief, the defendant-appellee Bank of Labor makes three arguments which require a reply from the plaintiff-appellant Maria Ortiz: (1) the Bank's refusal to allow Ms. Ortiz to use the bathroom in the McDonald's next door to the Shawnee branch did not constitute an adverse employment action; (2) the Bank's refusal to allow Ms. Ortiz to use a chair while not helping customers did not constitute an adverse employment action; and (3) Ms. Ortiz was not similarly-situated to Charlotte Hayes. These arguments will be addressed in order.

### I. The Bank's Refusal To Allow Ms. Ortiz To Use The McDonald's Bathroom Constituted An Adverse Employment Action

The Bank first contends that the refusal to allow Ms. Ortiz to use the McDonald's bathroom did not constitute an adverse employment action within the context of a claim under Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. § 2000e, et seq. The Bank asserts:

> This type of 'mere inconvenience' is not sufficient to establish an adverse action. [Citing <u>Sanchez v. Denver Pub. Schs., 164 F.3d 527, 532 (10th Cir. 1998].</u> Indeed, the district court identified several cases in which courts ruled that lack of access to a preferred or satisfactory restroom did not constitute an adverse action. [Citations omitted.]

(Aplee. Br. at p. 20)

The Bank's argument is not persuasive for several reasons. First, this court "liberally defines the phrase 'adverse employment actions'… [and takes] 'a case-by-case approach,' examining the unique factors relevant to the situation at hand." <u>Sanchez</u>, 164 F.3d at 532. Under this "case-by-case approach," the cases cited by the district court, and by the Bank, have very limited, if any, persuasive value.

Second, the "unique factor" relevant here is that Ms. Ortiz was pregnant when the Bank first refused to allow her to use the McDonald's bathroom. (Aplt. App. at 80, 120) None of the cases cited by the district court, and by the Bank, involved a plaintiff who was pregnant.

Third, because of Ms. Ortiz's pregnancy, the Bank's refusal to allow her to use the McDonald's bathroom caused her to suffer physical discomfort and humiliation. As Ms. Ortiz explained in her deposition:

> So… they wanted me to wait to use the restroom until the other person was there. <u>And if you know on a pregnancy, you can't wait that long.</u> I tried. I tried as much as I could….

(Aplt. App. at 80)

For the reasons discussed above, a genuine factual issue exists as to whether or not the Bank's refusal to allow Ms. Ortiz to use the McDonald's bathroom constituted an adverse employment action. Accordingly, it is for the jury, and not the court, to decide this issue.

## II. The Bank's Refusal To Allow Ms. Ortiz To Use A Chair While Not Helping Customers Constituted An Adverse Employment Action

The Bank next contends that the refusal to allow Ms. Ortiz to use a chair while not helping customers did not constitute an adverse employment action. The Bank argues:

> Again, Ortiz had access to a chair, even if not the chair she preferred…. Just as with the restroom issue, the district court surveyed the case law, identifying cases in which courts rejected arguments claiming adverse action based on lack of access to a preferred chair. [Citations omitted.]

(Aplee. Br. at p. 21)

This argument is likewise not persuasive for several reasons. First, again, this court "take[s] 'a case-by-case approach,' examining the unique factors relevant to the situation at hand." <u>Sanchez</u>, 164 F.3d at 532. Under this "case-by-case approach," the cases cited by this district court, and by the Bank, have very limited, if any, persuasive value.

Second, again, the "unique factor" relevant here is that Ms. Ortiz was pregnant when the Bank first refused to allow her to use a chair while not helping customers. (Aplt. App. at 81, 121, 124-129) None of the cases cited by the district court, or by the Bank, involved a plaintiff who was pregnant.

Third, once again, because of Ms. Ortiz's pregnancy, the Bank's refusal to allow her to use a chair while not helping customers caused her

3

to suffer physical discomfort and humiliation. As Ms. Ortiz explained in her deposition:

> After October my feet started swelling….
>
> So two, three times Charlotte [Hayes] took that chair away from me. She told me that I couldn't be… sitting down. I could only be standing. So everybody was like, well, why not? She doesn't have a customer. And look at her feet, she needs to be sitting down.

(Aplt. App. at 81)

For the reasons discussed above, a genuine factual issue likewise exists as to whether or not the Bank's refusal to allow Ms. Ortiz to use a chair while not helping customers constituted an adverse employment action. Therefore, again, it is for the jury, and not the court, to decide this issue.

### III. Ms. Ortiz Was Similarly-Situated to Ms. Hayes

The Bank further contends that Ms. Ortiz was not similarly-situated to Ms. Hayes, and consequently the more favorable treatment of Ms. Hayes does not constitute evidence of pretext. The Bank asserts:

> As the district court correctly described, Hayes and Ortiz were not similarly situated. Aplt. App. 167-68. The undisputed facts show that on November 1, 2019, Hayes purchased $25.00 in pennies from the Bank vault, but she forgot to write a ticket to document this transaction. Aplt. App. 28, 71. Under the Bank's policies and procedures, forgetting to

4

> write a ticket is <u>not</u> a terminable offense. Alpt. App. at 82-92.

(Aplee. Br. at p. 28. Emphasis in original.)

This argument must be rejected because it fails to "disregard all evidence favorable to the moving party that the jury is not required to believe." <u>Reeves v. Sanderson Plumbing Prod., Inc.,</u> 530 U.S. 133, 160 (2000). There are <u>two</u> separate and distinct "policies and procedures" of the Bank which are relevant to this appeal.

One set of policies and procedures is the Teller Difference Guidelines. (Aplt. App. at 82-85) These Guidelines list six reasons for termination, and forgetting to write a ticket is not one of the reasons for termination. (Aplt. App. at 84)

However, the second set of relevant policies and procedures is the Code of Ethics. (Aplt. App. at 92) Violation of this Code "could lead to disciplinary action, including termination." This Code lists a number of "[e]xamples of inappropriate conduct," including: "Making or <u>causing</u> false entries to the books or records of the Bank." (Aplt. App. at 92. Emphasis added.)

A reasonable jury could find that Ms. Hayes' failure to write a ticket to document her purchase of $25.00 in pennies from the Bank vault on November 1, 2019, constituted "causing false entries to the books or

5

records of the Bank" within the meaning of the Code of Ethics. A reasonable jury could make this finding based on the testimony of Mary Moulin, who stated in relevant part:

> Q. And with regards to Charlotte [Hayes] …, did she receive a final written warning or a written warning?
>
> A. A written warning.
>
> Q. And do you think a written warning was appropriate discipline?
>
> A. Yes.
>
> Q. Why is that?
>
> A. Because it caused Maira [Ortiz] to be out of balance.
>
> Q. <u>So Charlotte Hayes' failure to write a ticket caused the vault to be out of balance, correct?</u>
>
> A. <u>Correct.</u>

(Aplt. App. at 148-149. Emphasis added.)

A reasonable jury could further find that because Ms. Hayes violated the Bank's Code of Ethics, Ms. Hayes was similarly-situated to Ms. Ortiz. "Whether two employees are similarly situated ordinarily presents a question of fact for the jury." <u>Riggs v. Air Tran Airways, Inc.,</u> 497 F.3d 1108, 1117 (10th Cir. 2007). Accordingly, this issue should be decided by the jury, and not by the court.

6

## CONCLUSION

For reason discussed above and in Ms. Ortiz's opening brief, the judgment entered in favor of the Bank must be reversed and the case remanded to the district court for further proceedings.

## CERTIFICATE OF COMPLIANCE WITH RULE 32

Pursuant to Fed. R. App. Pro. 32(a)(7)(C), I certify that this brief is proportionally spaced and contains 1,747 words. I relied on my word processor to obtain this count, and it is Microsoft Word Office 365.

## CERTIFICATE OF DIGITAL SUBMISSION

No privacy redactions were necessary in this document. The document submitted in digital form is an exact copy of the written document filed with the Clerk. The document is a native PDF document. The digital submission has been scanned for viruses with the most recent version of a commercial virus scanning program, Symantec Endpoint Protection - Antivirus and Antispyware Protection Program, most recently updated November 15, 2022, and, according to the program, is free of viruses.

  s/Alan V. Johnson  
Alan V. Johnson, KS #9992  
Sloan, Eisenbarth, Glassman,  
  McEntire & Jarboe, L.L.C.  
534 S. Kansas Ave, Suite 1000  
Topeka, Kansas 66603  
Telephone (785) 357-6311  
Fax　　　(785) 357-0152  
ajohnson@sloanlawfirm.com

## **CERTIFICATE OF SERVICE**

I herby certify that on the 16th day of November 2022, I delivered a copy of the foregoing document via electronic mail to the following parties:

Julianne P. Story, #15227
Michaeli Hennessey, #79006
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Julianne.story@huschblackwell.com
michaeli.hennessey@huschblackwell.com
ATTORNEYS FOR DEFENDANT

                                               s/Alan V. Johnson
                                         Alan V. Johnson, KS #9992
                                         Sloan, Eisenbarth, Glassman,
                                           McEntire & Jarboe, L.L.C.
                                         534 S. Kansas Ave, Suite 1000
                                         Topeka, Kansas 66603
                                         Telephone  (785) 357-6311
                                         Fax           (785) 357-0152
                                         ajohnson@sloanlawfirm.com